# EXHIBIT 1

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois, Eastern Division.
Diane CARTER, Individually, and as Special Administrator for the Estate of Kurt A. Carter, Deceased, and for use and benefit of Sean Carter, Kate Carter and Christopher Carter, minors, Plaintiff,
v.
THE FINELY HOSPITAL, an Iowa Corporation d/b/a Galena Health Clinic, Defendant.
No. 01 C 50468.

Sept. 22, 2003.

Robert Hugh Clark, Jeffrey Joseph Zucchi, Cynthia J. Hedrick Koroll, Clark, Justen & Zucchi Ltd., Rockford, IL, for petitioners.

Angela C. Simon, Philip F. Jensen, Hammer, Simon & Jensen, Dubuque, IA, for defendant.

*MEMORANDUM OPINION AND ORDER*

REINHARD, J.

*1 Diane Carter ("Plaintiff"), on behalf of the estate of her husband, Kurt Carter, and on behalf of her three minor children, filed a Motion to Strike Defendant's Supplemental Rule 26(a) Disclosure of Expert Witnesses ("Motion to Strike") presumably [FN1] under Federal Rule of Civil Procedure 37(c)(1). Plaintiff alleges that the Finley Hospital ("Defendant") violated Rule 26(a) by disclosing supplemental expert opinions after the close of discovery. Defendant filed its response on August 12, 2003. Plaintiff filed her reply on August 29, 2003. (PL's Reply at 1). For the following reasons, Plaintiff's Motion to Strike is granted.

FN1. Plaintiff failed to cite any Federal Rule of Civil Procedure in her Motion to Strike and failed to cite Rule 37(c)(1) in its reply. Plaintiff's claims of discovery violations concerning expert witness disclosures necessarily implicate Rule 26(a)(2). Relief for violations of discovery disclosure requirements under Rule 26(a) is provided for in Rule 37(c)(1).

*Background*

The case management order in this case established that Defendant was to make its Rule 26(a)(2) disclosures by December 18, 2002. Defendant disclosed three expert witnesses on November 8, 2002: Dr. Ian Robins, Dr. Diane MacDonald, and Dr. Bruce Brockstein. (*Id.* at 1-3). Plaintiff deposed Dr. Robins on March 4, 2003; Dr. MacDonald on March 10, 2003; and Dr. Brockstein on March 25, 2003. (*Id.* at 2-3). Each of the deponents provided expert testimony that Kurt Carter died from the disease, Malignant Fibrous Histiocytoma. (*Id.* at 2-3).

On May 27, 2003, Defendant's counsel faxed a request to the University of Iowa Pathology Department for a supplemental autopsy report for Mr. Carter. (Pl.'s Mot. to Strike, Ex. 13). The report was completed and available for printing on November 18, 2002. (*Id.*). The request, dated March 3, 2003, included a release signed by Diane Carter and dated February 28, 2003. (*Id.*). The Pathology Department faxed the supplemental report to Defendant's counsel on May 30, 2003. (*Id.*; Def.'s Resp. at 4).

Defendant subsequently forwarded the supplemental autopsy report to its three expert witnesses. (Def.'s Resp. at 4). Upon reviewing the supplemental report, Drs. MacDonald and Brockstein changed their opinions as to the cause of Mr. Carter's death. (Def.'s Reply at 3). All three of Defendant's experts testified at their respective depositions that Mr. Carter died from Malignant Fibrous Histiocytoma. (Pl.'s Mot. to Strike at 2-4). These opinions were consistent with Plaintiff's allegations that Defendant's negligence in diagnosing and treating Mr. Carter actually and proximately caused Mr. Carter to die from his disease. Drs. MacDonald and Brockstein now opine that Mr. Carter died from complications caused by his medical treatment rather than from the disease from which he suffered. (Pl.'s Mot. to Strike, Ex. 4, 5). In July 2003, Defendant disclosed these supplemental opinions to Plaintiffs. (Pl.'s Mot. to Strike at 2-3).

*Discussion*

Rule 26(a)(2) requires that a party disclose expert witness reports within the time period established by the court. Fed.R.Civ.P. 26(a)(2)(C). Rule 26(a)(2)(B) requires that expert witness disclosures include, *inter alia*, "a complete statement of all opinions to be expressed" by the witness. Rule 26(e) imposes a duty on all parties to supplement their expert witness disclosures when "the party learns that in some material respect the information disclosed is

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

incomplete or incorrect." Fed.R.Civ.P. 26(e)(1).

*2 Plaintiff asserts that the Federal Rules of Civil Procedure 26(a) prohibit Defendant from using supplemental expert witness reports to disclose entirely new expert opinions, albeit by experts previously disclosed. (Pl.'s Reply at 2). Defendant counters that Rule 26(e) compels its supplemental expert witness reports, as the new opinions correct the previously disclosed expert opinions. (Def.'s Resp. at 2). Defendant asserts that the late date of its supplemental disclosures is due to Plaintiff withholding Mr. Carter's supplemental autopsy report. (Id. at 4). However, Defendant has never established that Plaintiff did, in fact, possess the supplemental report and did not disclose the report, in violation of 26(a)(1). In fact, Plaintiff states, and this Court has no reason to doubt Plaintiff's assertion, that "Plaintiff had no supplemental autopsy report until it was received from Defendant, but instead, relied upon the communication from the pathologist, Dr. Carter, in his discussion of the report in letter format." [FN2] (Pl.'s Reply at 6).

> FN2. Plaintiff did in turn provide the letter from Dr. Carter to the Defendant and incorporated it as an exhibit to the deposition of Diane Carter. (Pl.'s Reply at 6.)

Defendant apparently believes that the duty imposed under Rule 26(e)(1) gives it the right to disclose material information relating to expert testimony at any time before pretrial disclosures are due. (Def.'s Reply at 3). Defendant overlooks that Rule 26(e)(1) imposes a *duty* to supplement their disclosures to reveal incomplete or incorrect information to an opposing party, not a *right* to extend discovery deadlines. *See Salgado v. General Motors Corp.,* 150 F.3d 735, 742 n. 6 (7th Cir.1998) (stating that "[d]isclosures must not be used as a means to extend a discovery deadline.") (citing *Sierra Club v. Cedar Point Oil Co.,* 73 F.3d 546, 571 (5th Cir.1996)). It is disingenuous to argue that the duty to supplement under Rule 26(e)(1) can be used as a vehicle to disclose entirely new expert opinions after the deadline established by the court under Rule 26(a)(2)(C). This is particularly true where, as here, the materials on which the new expert opinions are based were available to the Defendant prior to Plaintiff deposing her expert witnesses. (Def.'s Resp. at 3). Therefore, Defendant's late disclosure of new expert opinions is in violation of the deadline established by this Court. However, if Defendant can establish that Plaintiff did possess the supplemental autopsy report and failed to provide the report to Defendant, in violation of Rule 26(a)(1), then this Court would consider extending the deadline.

Federal Rule of Civil Procedure 37(c)(1) enforces the requirements of Rule 26(a)(2) and Rule 26(e). Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a)(2) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." The Seventh Circuit has stated that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir.2003) (quoting *Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 742 (7th Cir.1998). In weighing the sanctioned party's explanation for substantial justification or harmlessness, the court should consider four factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption at trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*

*3 The only justification that Defendant offers to explain its late Rule 26(a)(2) disclosure is a claim that Plaintiff improperly withheld Mr. Carter's supplemental autopsy report. (Def.'s Resp. at 2). However, the Defendant has not factually supported this claim. The Defendant has not demonstrated a discovery request that covered the document or that Plaintiff had the document and did not produce it. Additionally, if Defendant believed that Plaintiff possessed the report and was not disclosing it, then Defendant should have sought this Court's assistance under Rule 37 to compel Plaintiff's cooperation with the discovery of Mr. Carter's supplemental autopsy report. Also, as this Court has previously pointed out, the Defendant had an obligation to obtain this third party discovery on its own. As Defendant has failed to provide a credible justification for its untimely delay, its "supplemental" disclosures are excluded under Rule 37(c)(1).

*Conclusion*

For the above stated reasons, Plaintiff's Motion to Strike Defendant's supplemental expert witness disclosures is granted. The expert witnesses will not be allowed to testify as to the opinions expressed in the supplemental autopsy report.

Motions, Pleadings and Filings (Back to top)

. 2004 WL 1685891T1 (Trial Motion, Memorandum

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

and Affidavit) Response to Defendant's Motion in Limine (Mar. 22, 2004)

. 2004 WL 1685889T1 (Trial Motion, Memorandum and Affidavit) Memorandum of Authorities in Support of Motion to Bifurcate (Mar. 17, 2004)

. 2004 WL 1685887T1 (Trial Motion, Memorandum and Affidavit) Response and Memorandum Submitted in Support of Response to Plaintiffs' Motions in Limine (Mar. 05, 2004)

. 2003 WL 23683726T1 (Trial Motion, Memorandum and Affidavit) Response to Defendant's Rule 72 Objection to Magistrate Judge Mahoney's Order (Oct. 03, 2003)

. 2003 WL 23683720T1 (Trial Motion, Memorandum and Affidavit) Response to Defendant's Rule 72 Objection to Magistrate Judge Mahoney's Order (Aug. 29, 2003)

. 2003 WL 23683724T1 (Trial Motion, Memorandum and Affidavit) Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Strike Defendant's Supplemental Rule 26(a) Disclosure of Expert Witnesses (Aug. 29, 2003)

. 2003 WL 23683708T1 (Trial Motion, Memorandum and Affidavit) Response to Plaintiffs' "Brief in Opposition to Defendant's Second Motion for Summary Judgment on Additional and Supplemental Grounds" (Aug. 12, 2003)

. 2003 WL 23683712T1 (Trial Motion, Memorandum and Affidavit) Response to Plaintiffs' Motion to Strike Defendant's Supplemental Rule 26(a) Disclosure of Expert Witnesses (Aug. 12, 2003)

. 2003 WL 23683716T1 (Trial Motion, Memorandum and Affidavit) Reply to Plaintiffs' Brief in Opposition to Defendant's Motion for Leave to Amend Answer (Aug. 12, 2003)

. 2003 WL 23417881T1 (Trial Motion, Memorandum and Affidavit) Plaintiff's Brief in Opposition to Defendant's Motion for Leave to File Amended Answer (Aug. 06, 2003)

. 2003 WL 23417886T1 (Trial Motion, Memorandum and Affidavit) Motion to Strike Defendant's Supplemental Rule 26(a) Disclosure of Expert Witnesses (Aug. 06, 2003)

. 2003 WL 23417875T1 (Trial Motion, Memorandum and Affidavit) Brief in Opposition to Defendant's Second Motion for Summary Judgment on Additional and Supplemental Grounds (Aug. 05, 2003)

. 2003 WL 23683701T1 (Trial Motion, Memorandum and Affidavit) Brief in Opposition to Defendant's Second Motion for Summary Judgment on Additional and Supplemental Grounds (Aug. 05, 2003)

. 2003 WL 23417871T1 (Trial Motion, Memorandum and Affidavit) Motion for Sanctions (Jul. 07, 2003)

. 2003 WL 23417857T1 (Trial Motion, Memorandum and Affidavit) Motion for Leave to Amend (Jun. 23, 2003)

. 2003 WL 23417848T1 (Trial Motion, Memorandum and Affidavit) Motion to Dismiss (Apr. 25, 2003)

. 2003 WL 23417841T1 (Trial Motion, Memorandum and Affidavit) Motion to Strike (Apr. 16, 2003)

. 2003 WL 23417836T1 (Trial Motion, Memorandum and Affidavit) Response Brief in Support of Defendant's Motion for Summary Judgment (Apr. 02, 2003)

. 2003 WL 23683698T1 (Trial Motion, Memorandum and Affidavit) Response Brief in Support of Defendant's Motion for Summary Judgment (Apr. 02, 2003)

. 2003 WL 23417831T1 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Opposition to the Defendant's Motion for Summary Judgment (Mar. 26, 2003)

. 2003 WL 23683688T1 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Opposition to the Defendant's Motion for Summary Judgment (Mar. 26, 2003)

. 2003 WL 23683691T1 (Trial Motion, Memorandum and Affidavit) Response to Defendant's Statement of Undisputed Material Facts (Mar. 26, 2003)

. 2003 WL 23683695T1 (Trial Motion, Memorandum and Affidavit) Response to Defendant's Amended Statement of Undisputed Material Facts (Mar. 26, 2003)

. 2003 WL 23683685T1 (Trial Motion, Memorandum and Affidavit) Response to Defendant's Motion to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Compel (Mar. 03, 2003)

. 2003 WL 23417825T1 (Trial Motion, Memorandum and Affidavit) Motion for Summary Judgment (Feb. 25, 2003)

. 2003 WL 23417820T1 (Trial Motion, Memorandum and Affidavit) Motion to Compel (Feb. 21, 2003)

. 2003 WL 23417810T1 (Trial Motion, Memorandum and Affidavit) Motion for Protective Order Pursuant to F.R.C.P. 26 (Feb. 14, 2003)

. 2003 WL 23417803T1 (Trial Motion, Memorandum and Affidavit) Motion to Extend Dispositive Motions Deadline (Jan. 27, 2003)

. 2002 WL 32601966T1 (Trial Motion, Memorandum and Affidavit) Response to Defendant's Objection to Plaintiffs' Notice of "Oral" Motion and Request to Quash. (Nov. 26, 2002)

. 2002 WL 32451544T1 (Trial Motion, Memorandum and Affidavit) Motion for Leave to File Amended Complaint (Nov. 18, 2002)

. 2002 WL 32601959T1 (Trial Motion, Memorandum and Affidavit) Brief In Response to Defendant's Motion to Determine Costs. (Oct. 25, 2002)

. 2002 WL 32451539T1 (Trial Motion, Memorandum and Affidavit) Motion to Determine Costs (Oct. 21, 2002)

.          3:01CV50468          (Docket) (Dec. 14, 2001)

. 2001 WL 34483928T1 (Trial Motion, Memorandum and Affidavit) Motion for Protective Order Pursuant to F.R.C.P. 26 (2001)

. 2001 WL 34483938T1 (Trial Motion, Memorandum and Affidavit) Motion for Summary Judgment Submitted on Additional and Supplemental Grounds (2001)

. 2001 WL 34483943T1 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion in Limine (2001)

. 2001 WL 34617903T1 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion in Limine (2001)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.