IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDIS CORPORATION,<br>    *Plaintiff,*<br>-v.-<br>MEDTRONIC VASCULAR, INC., BOSTON SCIENTIFIC CORP., and SCIMED LIFE SYSTEMS, INC.,<br>    *Defendants.* | )<br>)<br>)<br>) C.A. No. 97-550-SLR<br>)<br>)<br>)<br>)<br>) |
| MEDTRONIC VASCULAR, INC.,<br>    *Plaintiff,*<br>-v.-<br>CORDIS CORPORATION, JOHNSON & JOHNSON and EXPANDABLE GRAFTS PARTNERSHIP,<br>    *Defendants.* | )<br>)<br>)<br>) C.A. No. 97-700-SLR<br>)<br>)<br>)<br>) |

**CORDIS' SUBMISSION CONCERNING**
**THE SCOPE OF DR. ERSEK'S TESTIMONY**

In its February 23, 2005 Order on *in limine* motions, this Court ruled as follows on the permissible scope of Dr. Ersek's testimony (D.I. 1329 at 7):

> [4]g.   Cordis' motion in limine (1) under Daubert, to preclude Dr. Ersek from testifying as an expert; (2) to bar Dr. Ersek from testifying as a fact witness because he is receiving compensation that is impermissible for a fact witness; and (3) in the alternative, to limit any testimony Dr. Ersek may be permitted to offer (Civ. No. 97-550-SLR, D.I. 1292-7; Civ. No. 97-700-SLR, D.I. 248-7; Civ. No. 98-019-SLR, D.I. 157-7) is **granted** to the following extent: Dr. Ersek currently is not a qualified expert in the relevant art. To the extent he has relevant knowledge about his device, that knowledge is irrelevant unless disclosed in his patent. Therefore, he may not testify as a fact witness absent a proffer that his proposed testimony is consistent with his patent. Moreover, he may not refer to the Andros declaration. If he testifies, his compensation and professional experience are relevant fodder for cross examination. The evidence relating to the "fee" conversations shall not be admitted. (Emphasis in original).

In an email to the Court on February 28, 2005, AVE asked the Court to reconsider this ruling. AVE argues that Dr. Ersek should be permitted to testify on matters beyond his patent, i.e., with respect to "well-corroborated work prior to the effective filing date that also constitutes prior art." (Ex. A hereto). In addition, AVE asked the Court to impose additional limits on the scope of Dr. Ersek's cross-examination. Both of these issues are addressed below.

A.     **Dr. Ersek's Direct Testimony**

Cordis agrees that clarification on the permissible scope of Dr. Ersek's testimony on direct examination would be desirable. As we see it, there are two issues:

> (1) Will Dr. Ersek be permitted to discuss "well-corroborated work" beyond what is disclosed in his '744 patent?
>
> (2) Will he be permitted to discuss the contents of his '744 patent itself?

1.     **Testimony About "Well Corroborated Work" Not Reflected in the '744 Patent**

AVE's position is that Dr. Ersek should be allowed to testify about "well-corroborated work" beyond what is disclosed in his '744 patent. If Dr. Ersek is permitted to testify, Cordis agrees that his testimony as a fact witness could include a factual description of devices he made and/or experimented with, to the extent these facts are "well-corroborated."[1]

2.     **Testimony About the '744 Disclosure**

As a fact witness, Dr. Ersek should <u>not</u> be permitted to testify about the teachings of his '744 patent (or any other prior art reference). The patent's teachings must be gleaned from the "four corners" of the patent itself – not from what the inventor may say about it – and/or from

---

[1] Cordis' view is that Dr. Ersek should not be permitted to testify at all because he is being compensated on an improper basis for a fact witness. See Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters, 865 F. Supp. 1516, 1526 (S.D. Fla. 1994), aff'd in relevant part, 117 F.3d 1328 (11th Cir. 1997) (excluding testimony of two fact witnesses who were paid $493,103 and $147,000). Cordis recognizes, of course, that the Court has ruled otherwise.

the testimony of qualified experts on how they understand the patent's teachings. See Continental Oil Co. v. Cole, 634 F.2d 188, 196 (5th Cir. 1981); Advanced Display Sys., Inc. v. Kent State Univ., 212 F.3d 1272, 1282 (Fed. Cir. 2000). There are two reasons why Dr. Ersek should not be permitted to testify about his patent.

First, there is the recognized danger that an inventor is likely to "enlarge impermissibly on the teachings of the patent," Valmet Paper Mach., Inc. v. Beloit Corp., 895 F. Supp. 1158, 1167 (W.D. Wis. 1995), rev'd on other grounds, 105 F.3d 1409 (Fed. Cir. 1997), creating a risk of "confusion to the jury of suggesting that the inventor's post-expiration view of [his] patented invention should be given more weight" than the actual disclosure. Id.

Second, the question of what a patent conveys to a person of ordinary skill is appropriately a subject for expert testimony, Dayco Prods., Inc. v. Total Containment, Inc., 329 F.3d 1358, 1369 (Fed. Cir. 2003), not for testimony by inventors or other fact witnesses. That is just as true for prior art patents as it is for the patents-in-suit. Dr. Palmaz will not be testifying about the teachings of his patent, and Dr. Ersek should not be testifying about the teachings of his patent. The teachings of the patents are a proper subject for expert testimony – not for testimony by inventors. At trial, experts for both sides will opine on the teachings of various patents. Opinions on that subject should only come from experts, not from fact witnesses such as Dr. Ersek.

**B.     Cross-Examination of Dr. Ersek**

This Court has held that Dr. Ersek's "compensation and professional experience are relevant fodder for cross examination" if he testifies. D.I. 1329 at 7. In its February 28 email, AVE asks for reconsideration of that ruling. AVE argues that Dr. Ersek's compensation is based, in part, on its expectation that he would be permitted to testify as an expert. However,

AVE's agreement with Dr. Ersek provides for a guaranteed payment of $540,000 regardless of whether he testifies at all, let alone as a fact witness or an expert witness.

As this Court held, the compensation for Dr. Ersek's testimony is fair game for cross-examination if he testifies. His lack of qualifications as an expert are not a basis for avoiding cross-examination on the payment for his testimony. See, e.g., Typeright Keyboard Corp. v. Microsoft Corp., 374 F.3d 1151, 1158 (Fed. Cir. 2004) (fact witnesses' receipt of compensation was one of six facts creating a "genuine issue[]...as to the[ir] credibility").

ASHBY & GEDDES

/s/ John G. Day
Steven J. Balick (# 2114)
John G. Day (# 2403)
222 Delaware Avenue
Wilmington, DE 19801
(302) 654-1888

*Attorneys for Cordis Corporation*

*Of Counsel*:

Gregory L. Diskant
Eugene M. Gelernter
Michael J. Timmons
Kathleen Crotty
Catherine Williams
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2553

Eric I. Harris
JOHNSON & JOHNSON
One Johnson & Johnson Plaza
New Brunswick, New Jersey 08933

Dated  March 4, 2005
154261.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2005, the attached **CORDIS' SUBMISSION CONCERNING THE SCOPE OF DR. ERSEK'S TESTIMONY** was served upon the following counsel of record in the manner indicated:

| | |
|---|---|
| Karen Jacobs Louden, Esquire<br>Morris Nichols Arsht & Tunnell<br>1201 N. Market Street<br>Wilmington, DE 19801 | VIA ECF FILE AND SERVE |
| Raphael V. Lupo, Esquire<br>McDermott, Will & Emery<br>600 13th Street, N.W.<br>Washington, D.C. 20005-3096 | HAND DELIVERY |
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor<br>Rodney Square North<br>Wilmington, DE 19801 | VIA ECF FILE AND SERVE |
| George E. Badenoch, Esquire<br>Kenyon & Kenyon<br>One Broadway<br>New York, NY 10004 | VIA FEDERAL EXPRESS |

/s/ *John G. Day*
John G. Day