IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDIS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 97-550-SLR |
| v. | ) | (Consolidated) |
| | ) | |
| MEDTRONIC VASCULAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

-----------------------------------------------------------

| | | |
|---|---|---|
| MEDTRONIC VASCULAR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 97-700-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| CORDIS CORPORATION; JOHNSON & JOHNSON; and EXPANDABLE GRAFTS PARTNERSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

-----------------------------------------------------------

**MEDTRONIC VASCULAR, INC.'S PROPOSED VERDICT FORM**

We, the jury, unanimously find as follows:

I.     **INFRINGEMENT**

a.     Do you find that Cordis has shown by a preponderance of the evidence that Medtronic AVE's MicroStent II literally infringes the following limitation of claims 23, 51 and 54 of the '762 patent and claims 1 and 3 of the '984 patent?  (A "YES" answer to this question is a finding for Cordis.  A "NO" answer is a finding for Medtronic AVE.)

| Limitation | Is This Limitation Present Literally In Medtronic AVE's MicroStent II? |
|---|---|
| Wall of a tubular member having a substantially uniform thickness | YES ____   NO ____ |

b.     Do you find that Cordis has shown by a preponderance of the evidence that Medtronic AVE's GFX stent literally infringes the following limitation of claims 23, 51 and 54 of the '762 patent and claims 1 and 3 of the '984 patent?  (A "YES" answer to this question is a finding for Cordis.  A "NO" answer is a finding for Medtronic AVE.)

| Limitation | Is This Limitation Present Literally In Medtronic AVE's GFX Stent? |
|---|---|
| Wall of a tubular member having a substantially uniform thickness | YES ____   NO ____ |

c. Do you find that Cordis has shown by a preponderance of the evidence that Medtronic AVE's GFX 2 stent literally infringes the following limitation of claims 23, 51 and 54 of the '762 patent and claims 1 and 3 of the '984 patent? (A "YES" answer to this question is a finding for Cordis. A "NO" answer is a finding for Medtronic AVE.)

| **Limitation** | **Is This Limitation Present Literally In Medtronic AVE's GFX 2 Stent?** |
|---|---|
| Wall of a tubular member having a substantially uniform thickness | YES ____    NO ____ |

**II.    INVALIDITY**

Do you find that Medtronic AVE has shown by clear and convincing evidence that any of the following claims of the patents-in-suit are invalid due to obviousness? (A "YES" answer is a finding for Medtronic AVE. A "NO" answer is a finding for Cordis.)

Claim 23 of the '762 patent     YES _____     NO _____

Claim 51 of the '762 patent     YES _____     NO _____

Claim 54 of the '762 patent     YES _____     NO _____

Claim 1 of the '984 patent      YES _____     NO _____

Claim 3 of the '984 patent      YES _____     NO _____

You must sign this Verdict Form.

Dated: March ___, 2005                             _____
                                                                    FOREPERSON


                                                     _____

                                                     _____

                                                     _____

                                                     _____

                                                     _____

                                                     _____


MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Leslie A. Polizoti
_____
Karen Jacobs Louden (#2881)
Leslie A. Polizoti (#4299)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
Attorneys for Medtronic Vascular, Inc.

OF COUNSEL:
Raphael V. Lupo
Donna M. Tanguay
Mark G. Davis
D. Michael Underhill
Michael W. Connelly
MCDERMOTT, WILL & EMERY
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000

March 10, 2005

CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: Steven J. Balick, Josy W. Ingersoll, Karen E. Keller, and Karen Jacobs Louden.

I also certify that on March 10, 2005, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY HAND**
Steven J. Balick
ASHBY & GEDDES
222 Delaware Ave., 17th Flr.
P.O. Box 1150
Wilmington, DE  19899

Josy W. Ingersoll
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

Gregory Diskant
Patterson, Belknap, Webb & Taylor, LLP
c/o The Hotel DuPont
11th & Market Streets
Greenville Suite, Mezzanine Level
Wilmington, DE 19801

/s/ Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT AND TUNNELL
(302) 658-9200
lpolizoti@mnat.com