March 7, 2005

<u>By Electronic Filing</u>

The Honorable Sue L. Robinson
Chief Judge                                **<u>REDACTED</u>**
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE  19801

      Re:    *Cordis Corp. v. Medtronic Vascular, Inc. et al.*
             <u>C. A. Nos. 97-550-SLR and 97-700 (SLR)</u>

Dear Chief Judge Robinson:

      We write with respect to several outstanding matters for the trial in the upcoming week. We begin by addressing what the Court need not decide.

      First, we do not believe that the Court need decide any issue with respect to Dr. Ersek's testimony. The parties orally reached an agreement on Friday and we are awaiting confirmation of the agreement with Cordis. Thus, we do not believe any proffer is necessary. Also, Medtronic AVE does not believe that the Court needs to resolve the issue of the scope of cross examination on Dr. Ersek's compensation so long as Dr. Ersek may respond to any inquiry by explaining the services that he provided to Medtronic AVE (without using the words "expert testimony").

      Second, on the issue of Medtronic AVE's motion to compel and leave to supplement its expert report (D.I. 1334), notwithstanding that Medtronic AVE requested that Cordis produce Dr. Palmaz's testimony almost a month ago, Cordis inexplicably waited until its answering brief, filed during the first day of trial, to provide an excerpt of that testimony. While Medtronic AVE believes that this gamesmanship is improper, it does not seek to pursue its motion at this time.

      Third, following the discussion at the hearing on Friday, Medtronic AVE does not seek to rely on its '509 and '152 patents. To be clear, however, Medtronic AVE does intend to point out to the jury that it holds many patents in the stent field, including patents filed as early at the mid- to late 1980s, the time period when Cordis contends that everyone was skeptical of and disparaging stents.

Hon. Sue L. Robinson
March 7, 2005
Page 2

The following issues remain in dispute:

First, we electronically filed over the weekend Medtronic AVE's submission on product to product comparisons. We filed the document without exhibits because the exhibits are excerpts of confidential expert reports (which had previously been attached as Exhibits H and I to D.I. 1304). We are filing a copy of the document with confidential exhibits under seal this morning and are delivering a courtesy copy to Chambers.

Cordis filed a response to that submission at around 9:00 last evening. While we did not have an opportunity to prepare a complete reply due to the timing, we nonetheless wanted to make a few limited comments to Cordis' submission. First, Cordis makes the surprising assertion that when it claimed that the entire industry is "based on the work" of Dr. Palmaz, it did not mean that others are practicing the Palmaz invention. Even assuming that the jury could understand such niceties (which frankly were lost on Medtronic AVE), the troubling thing about this assertion is that this lawsuit is about the '762 and '984 patents, not the "balloon expandable stent." Having made this argument, Cordis should not be in a position to limit the evidence that Medtronic AVE can say in response. Indeed, the remainder of Cordis' submission sounds like a closing argument. While we understand that Cordis may wish to argue to the jury that the fact that doctors immediately flocked to the Medtronic AVE products does not show that there was no long felt need for the invention, Medtronic AVE disagrees. Medtronic AVE contends that this fact demonstrates that there was no long felt need that pertained to the features actually claimed in the patents, just the first to market phenomenon. That is an issue for the jury to decide, not Cordis. Finally, Cordis contends that it tailored its case on reliance on its expectation that it could limit Medtronic AVE's proof. The fact that Cordis unilaterally decided to alter its proof, however, is no basis to limit Medtronic AVE's proofs on the issues that are in the case.

Second, pursuant to the Court's request, we attach for the Court's consideration a single "Project Galaxy" document that Medtronic AVE wishes to introduce into evidence. In particular, Medtronic AVE seeks to rely on page COR 896586 in which Cordis compares Medtronic AVE's stents to other stents on the market. Medtronic AVE intends to rely on this document for this purpose only and not to raise any conspiracy theories. Medtronic AVE explained the relevance of documents such as these in its submission on product to product comparisons.

Finally, we wanted to advise the Court of a disagreement between the parties with respect to the videotape of Dr. Schatz performing a series of distinct stent implants. The Court ruled that "either the entire tape shall be played (both parties sharing the time), or no part of the tape shall be played." (D.I. 1337 at ¶ 4(k)). As Medtronic AVE explained in its opposition to Cordis's motion in limine on the topic (D.I. 1304-12), there are actually several videotapes, some from different perspectives, but none of which show the entire series of stent implants. In response to the Court's Order, Medtronic AVE advised Cordis that it would play the entirety of tape no. EGVP 00067 (which is approximately 53 minutes). This tape contains the very portion of the implant procedure that Cordis claimed needed to be played. Cordis has insisted that

Hon. Sue L. Robinson
March 7, 2005
Page 3

Medtronic AVE play yet another tape (EGPV000068), however, which has another series of the procedures and lasts around 1 hour. The total running time for both tapes is approximately 2 hours. Medtronic AVE submits that it is fully complying with the Court's ruling by playing a complete tape produced by EGP.

      The series of stent implants are distinct procedures. In one of the implants, a Palmaz-Schatz stent is implanted. This is the implant that Cordis complained was misleadingly edited out of other versions of the tape (versions produced and edited by EGP, not Medtronic AVE). In a second implant, a GFX stent is implanted. Cordis has never claimed that this second implant is misleading. To summarize, the tape (EGPV 00067) includes (1) the implant that Medtronic AVE wants to play, and (2) the entirely separate implant that Cordis wants to play (i.e., the PSS implant that EGP edited out of other versions of the tape that were produced to Medtronic AVE). Thus, Cordis should have no complaint.

      Indeed, the premise of Cordis's motion was that Medtronic AVE had misleadingly edited a tape. This premise has no application where Medtronic AVE will be playing the entire tape produced to it, and where the tape contains the portions Cordis contends were missing. Cordis should not be permitted to pile on and double the time of the videotape showing in an attempt to obfuscate the evidence it wants to suppress.

      Respectfully,

_____
/s/Karen Jacobs Louden (#2881)
klouden@mnat.com

/cbh
cc:    Clerk of the Court (by hand)
        Eugene M. Gelernter, Esq. (by hand c/o Hotel du Pont)
        Josy W. Ingersoll, Esq. (by hand)
        Steven J. Balick, Esq. (by hand)

454178