IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDIS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 97-550-SLR |
| ) | (Consolidated) |
| MEDTRONIC VASCULAR, INC. ) | |
| BOSTON SCIENTIFIC CORPORATION, ) | |
| and SCIMED LIFE SYSTEMS, INC., ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| BOSTON SCIENTIFIC CORPORATION, ) | |
| and SCIMED LIFE SYSTEMS, INC. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 98-19-SLR |
| ) | |
| ETHICON, INC., ) | |
| CORDIS CORPORATION, and ) | |
| JOHNSON & JOHNSON ) | |
| INTERVENTIONAL SYSTEMS CO. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**BSC'S MOTION TO AMEND THE JUDGMENT**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, defendants Boston

Scientific Corporation and Boston Scientific Scimed, Inc. (formerly Scimed Life

Systems, Inc.) (collectively "BSC") hereby respectfully move to amend the judgment

entered by the Court on March 31, 2005 (D.I. 1375) (the "Judgment").

The grounds for the motion are that the Judgment only incorporates the jury

verdict of March 24, 2005 (D.I. 1366), but does not incorporate the Notice of Withdrawal

of Claims Based on U.S. Patent No. 5,102,417, dated March 22, 2000 (D.I. 662), the jury

verdict, dated December 11, 2000 (D.I. 182 (in C.A. 98-197-SLR)), the Court's

Memorandum Opinion and Order, dated March 28, 2002 (D.I. 1127; D.I. 1128), and the

Court's Memorandum Order, dated May 15, 2002 (D.I. 1153).

Pursuant to the Court's ruling (D.I. 1253, Sept. 22, 2004 Tr. 27), the issue of

damages for BSC's infringement of claim 23 of the '762 patent is deferred until after all

relevant liability issues are determined through final appeal.

Counsel for BSC certifies pursuant to D. Del. Local Rule 7.1.1 that they have

conferred with counsel for Cordis about the motion and the judgment but have been

unable to reach agreement at this time.

For the Court's convenience, a proposed judgment is attached hereto.

Respectfully submitted,

April 14, 2005                        By: _____
                                          Josy W. Ingersoll (I.D. #1088)
                                          Karen E. Keller (I.D. #4489)
                                          YOUNG CONAWAY STARGATT &
                                           TAYLOR, LLP
                                          The Brandywine Building
                                          1000 West Street, 17th Floor
                                          Wilmington, Delaware 19899-0391
                                          (302) 571-6600

                                          Attorneys for Defendants
                                          BOSTON SCIENTIFIC CORPORATION,
                                          and BOSTON SCIENTIFIC SCIMED, INC.
                                          (formerly SCIMED LIFE SYSTEMS, INC.)

Of Counsel:

George E. Badenoch
Charles R. Brainard
Walter E. Hanley, Jr.
Mark A. Chapman
Huiya Wu
KENYON & KENYON
One Broadway
New York, New York 10004
(212) 425-7200

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDIS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 97-550-SLR |
| | ) (Consolidated) |
| MEDTRONIC VASCULAR, INC. | ) |
| BOSTON SCIENTIFIC CORPORATION, | ) |
| and SCIMED LIFE SYSTEMS, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| BOSTON SCIENTIFIC CORPORATION, | ) |
| and SCIMED LIFE SYSTEMS, INC. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 98-19-SLR |
| | ) |
| ETHICON, INC., | ) |
| CORDIS CORPORATION, and | ) |
| JOHNSON & JOHNSON | ) |
| INTERVENTIONAL SYSTEMS CO. | ) |
| | ) |
| Defendants. | ) |
| | ) |

JUDGMENT IN A CIVIL CASE

Pursuant to the Notice of Withdrawal of Claims Based on U.S. Patent No. 5,102,417, dated March 22, 2000 (D.I. 662), the jury verdict, dated December 11, 2000 (D.I. 182 (in C.A. 98-197-SLR)), the Court's Memorandum Opinion and Order, dated March 28, 2002 (D.I. 1127; D.I. 1128), the Court's Memorandum Order, dated May 15, 2002 (D.I. 1153), the Court's ruling (D.I. 1253, 9/22/04 Tr. 27) and the jury verdict, dated March 24, 2005 (D.I. 1366):

IT IS ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of Cordis Corporation, Ethicon Inc. and Johnson & Johnson Interventional Systems Co. (collectively "Cordis") and against Boston Scientific Corporation and Boston Scientific Scimed, Inc. (formerly Scimed Life Systems, Inc.) (collectively "BSC") that BSC infringes claim 23 of United States Patent No. 4,739,762 (the "'762 patent");

IT IS FURTHER ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of Cordis and against BSC that BSC has not proven that claim 23 of the '762 patent is invalid for obviousness;

IT IS FURTHER ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of Cordis and against BSC that BSC contributorily infringes claim 44 of the '762 patent;

IT IS FURTHER ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of BSC and against Cordis that BSC does not infringe, induce infringement of, or contributorily infringe claim 22 of United States Patent No. 5,902,332 (the "'332 patent");

IT IS FURTHER ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of BSC and against Cordis that claim 44 of the '762 patent is invalid;

IT IS FURTHER ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of BSC and against Cordis that claim 22 of the '332 patent is invalid;

IT IS FURTHER ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of Cordis and against BSC that BSC has not proven that the '762 patent and the '332 patent are unenforceable due to inequitable conduct;

IT IS FURTHER ORDERED AND ADJUDGED that Cordis' complaint alleging infringement by BSC of claims 44, 51, 52 and 54 of the '762 patent, claims 17, 18, 25 and 26 of U.S. Patent No. 5,102,417, and claims 22 and 24 of the '332 patent, be dismissed with prejudice;

IT IS FURTHER ORDERED AND ADJUDGED that, pursuant to the Court's ruling (D.I. 1253, Sept. 22, 2004 Tr. 27), the issue of damages for BSC's infringement of claim 23 of the '762 patent is deferred until after all relevant liability issues are determined through final appeal;

IT IS FURTHER ORDERED AND ADJUDGED that each party shall bear its own costs.


Dated: _____, 2005          _____
                                        United States District Judge



                                        _____
                                        (By) Deputy Clerk



2

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on April 14, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick Esquire
> Ashby & Geddes
> 222 Delaware Avenue
> P.O. Box 1150
> Wilmington, DE  19899
>
> Karen Jacobs Louden Esquire
> Morris Nichols Arsht & Tunnell
> 1201 North Market  Street
> PO Box 1347
> Wilmington, DE  19899-1347

I further certify that on April 14, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

> Michael J. Timmons, Esquire
> Patterson, Belknap, Webb & Tyler, LLP
> 1133 Avenue of the Americas
> 20th Floor
> New York, NY 10036

Raphael V. Lupo, Esquire
D. Michael Underhill, Esquire
McDermott, Will & Emery
600 13th Street, N.W.
Washington, DC 20005-3096


YOUNG CONAWAY STARGATT & TAYLOR, LLP


Karen E. Keller  (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
kkeller@ycst.com

Attorneys for Boston Scientific Corporation
  and Scimed Life Systems, Inc.

WP3:1093545.1                                                    53480.1001