IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDIS CORPORATION, et al., | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C. A. No. 97-550 (SLR) |
| MEDTRONIC VASCULAR, INC., et al., | ) ) | |
| Defendant. | ) ) ) | |
| MEDTRONIC VASCULAR, INC., | ) ) | |
| Plaintiff, | ) ) | C. A. No. 97-700 (SLR) |
| v. | ) ) | |
| CORDIS CORPORATION, et al., | ) ) | |
| Defendant. | ) ) | |

**MEDTRONIC'S MOTION FOR NEW TRIAL
ON CORDIS'S PATENT INFRINGEMENT CLAIMS
AND MEDTRONIC'S INVALIDITY COUNTERCLAIMS**

Medtronic Vascular, Inc. ("Medtronic") hereby moves, pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, for a new trial on the issues of infringement and validity. The grounds for new trial are set forth below and will be set forth in more detail in Medtronic's opening brief in support of its motion which will be filed on April 19, 2005, in accordance with the April 11, 2005 Stipulation and Order (D.I. 1378 in C.A. No. 97-550).

1.  Cordis introduced evidence and made arguments which eviscerated the "substantially uniform thickness" limitation by mischaracterizing the meaning of the Federal Circuit's holding that "[a] wall that varies in thickness by as much as 100 percent cannot be said to be of substantially uniform thickness." This was exacerbated by the Court's rulings and failure to give correct jury instructions on this topic, both in the jury charge and following

Cordis's closing argument, in which Cordis argued that the methodology endorsed by the Federal Circuit and employed by Medtronic's witnesses was a "mathematical trick."

2. Medtronic was prejudiced by the Court's exclusion of evidence related to the clinical significance of the accused stents' variably thick crowns.

3. The jury was not permitted to learn that, consistent with the Federal Circuit opinion, the legally correct way of analyzing the "thickness" of the wall of a stent in accordance with the claims is by using imaginary circles along the length of the walls. The Court declined to issue appropriate jury instructions or permit evidence on this point, even after Cordis disparaged the Federal Circuit's and Medtronic's methodology, calling it, *inter alia*, a "big trick."

4. Medtronic was prejudiced by a series of irrelevant, inflammatory, and extraneous arguments made by Cordis counsel throughout the trial. Among other things, Cordis extensively relied upon whether individual persons and entities ever personally thought of the claimed inventions (in violation of the Court's *in limine* ruling); it questioned the motives of several persons relying on evidence not admitted at trial; and it relied on the upcoming expiration date of the '762 patent as a ploy to sway the jury in its favor.

5. Medtronic was prejudiced by Cordis counsel's misrepresentation to the Court that Cordis would not rely on the accused stents as evidence of secondary considerations of non-obviousness. Cordis also affirmatively relied on the preferred embodiment and the alleged safety and efficacy of its own commercial embodiment as evidence of non-obviousness. Medtronic could not effectively rebut these allegations because the Court excluded relevant rebuttal evidence.

6. The infringement verdict is against the weight of and not supported by the evidence.

7.      The non-obviousness verdict is against the weight of and not supported by the evidence.

8.      A new trial should otherwise be granted as the Court improperly excluded relevant evidence, permitted irrelevant and prejudicial evidence, did not provide proper jury instructions, and the verdict was against the clear weight of the evidence.

For those reasons, as well as the reasons stated in Medtronic's JMOL motion, and the reasons to be set forth in Medtronic's opening brief in support of its new trial and JMOL motions, Medtronic respectfully requests that this Court grant a new trial on the issues of infringement and invalidity.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Karen Jacobs Louden
klouden@mnat.com
Leslie Polizoti (#4299)
Benjamin Schladweiler (#4601)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899
(302) 658-9200
Attorneys for Medtronic Vascular, Inc.

OF COUNSEL:

Raphael V. Lupo
Donna M. Tanguay
Mark G. Davis
D. Michael Underhill
Michael W. Connelly
McDermott, Will & Emery
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000

April 14, 2005

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on April 14, 2005 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick
**Ashby & Geddes**
222 Delaware Ave., 17th Flr.
P.O. Box 1150
Wilmington, DE  19899

Josy W. Ingersoll
**Young, Conaway, Stargatt & Taylor LLP**
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

> MORRIS, NICHOLS, ARSHT & TUNNELL
> /s/Karen Jacobs Louden (#2881)
> Leslie A. Polizoti (#4299)
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, Delaware  19899
> (302) 658-9200
> Attorneys for Medtronic Vascular, Inc.
> klouden@mnat.com