IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CORDIS CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MEDTRONIC VASCULAR, INC.<br>BOSTON SCIENTIFIC CORPORATION,<br>and SCIMED LIFE SYSTEMS, INC.,<br><br>　　　　Defendants. | Case No. 97-550-SLR<br>(Consolidated) |
| BOSTON SCIENTIFIC CORPORATION,<br>and SCIMED LIFE SYSTEMS, INC.<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>ETHICON, INC.,<br>CORDIS CORPORATION, and<br>JOHNSON & JOHNSON<br>INTERVENTIONAL SYSTEMS CO.<br><br>　　　　Defendants. | Case No. 98-19-SLR |

**BSC'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW
AND, IN THE ALTERNATIVE, FOR A NEW TRIAL**

Defendants Boston Scientific Corporation and Boston Scientific Scimed, Inc. (formerly Scimed Life Systems, Inc.) (collectively "BSC") hereby renew their motion for judgment as a matter of law (JMOL) pursuant to Fed. R. Civ. P. 50(b),[1] and, in the alternative, move for a new trial pursuant to Fed. R. Civ. P. 59(a).

The grounds for BSC's motion are set forth below and will be set forth in more detail in BSC's opening brief in support of its motion, which BSC will file and serve no later than April 19, 2005, pursuant to the Amended Stipulation and Order (D.I. 1379):

1. The Court should grant BSC JMOL of noninfringement of claim 23 of the '762 patent because Cordis presented no evidence that the "wall surface" of the "tubular member" of the NIR stent has a "substantially uniform thickness" as required by the claim. Cordis' evidence was limited to irrelevant proof that the individual struts of the NIR stent and the starting material have a substantially uniform thickness.

2. In the alternative, the Court should grant BSC a new trial on infringement because:

(a) The Court prejudicially erred during jury deliberations by instructing the jury without keeping a written record of the instruction, and by instructing them that the "wall surface" limitation was not in dispute, when the correct identification of the "wall surface" was both disputed and critical to the "substantially uniform thickness" limitation that was in dispute.

---

[1] BSC timely moved at trial for judgment as a matter of law of noninfringement and obviousness pursuant to Fed. R. Civ. P. 50(a). *See* 3/22/05 Tr. 838:5-9; 3/23/05 Tr. 1197:23-98:11.

(b) The Court prejudicially erred by allowing Cordis to introduce and rely on undesignated deposition testimony that was not admitted into evidence, which Cordis relied upon to mislead the jury into believing that BSC admitted that the "wall surface" of the "tubular member" of the NIR stent had a "substantially uniform thickness."

(c) The infringement verdict is against the weight of the evidence for the reasons stated in BSC's JMOL motion.

3. The Court should grant BSC JMOL of invalidity of claim 23 for obviousness because BSC's evidence that the claimed device was almost identical to the device of the prior art Ersek patent and that the minor differences would have been obvious was clear and convincing and unchallenged by Cordis. Cordis' validity evidence was limited to irrelevant proof that Dr. Palmaz's combination of a stent on a balloon and Dr. Palmaz's method for intraluminally delivering and expanding a stent on a balloon would not have been obvious.

4. In the alternative, the Court should grant BSC a new trial on obviousness because:

(a) The Court prejudicially erred by allowing Cordis to introduce evidence about the stent-balloon combination and intraluminal delivery method covered by other '762 patent claims not in suit, while simultaneously precluding BSC's witnesses from responding to this evidence by describing and contrasting those other claims with the device claim 23 that was in suit.

(b) The Court prejudicially erred by allowing Cordis to argue that the commercial success of all stents was attributable to the structural features of claim 23, while simultaneously precluding BSC from responding with evidence from "Project

2

Olive" that flexibility was far more important than any of the structural features of claim 23 to the success of stents in the market.

(c)     The Court prejudicially erred by allowing Cordis (under the guise of impeachment) to use and rely on misleading characterizations of the testimony of Drs. Ersek and Heuser at a different trial to argue that they admitted the Ersek device was "staple-like" when neither Dr. Ersek nor Dr. Heuser made any such admission.

(d)     The nonobviousness verdict is against the weight of the evidence for the reasons stated in BSC's JMOL motion.

## CONCLUSION

For the reasons set forth above and in BSC's opening brief to be filed on April 19, 2005, BSC respectfully urges the Court to grant BSC's renewed motion for judgment as a matter of law of noninfringement and obviousness, and, in the alternative, for a new trial on infringement and obviousness.

A proposed form of order is attached.

Respectfully submitted,

April 14, 2005                    By: *Karen E. Keller*
                                       Josy W. Ingersoll (I.D. #1088)
                                       Karen E. Keller (I.D. #4489)
                                       YOUNG CONAWAY STARGATT &
                                        TAYLOR, LLP
                                       The Brandywine Building
                                       1000 West Street, 17th Floor
                                       Wilmington, Delaware 19899-0391
                                       (302) 571-6600

                                       Attorneys for Defendants
                                       BOSTON SCIENTIFIC CORPORATION,
                                       and BOSTON SCIENTIFIC SCIMED, INC.
                                       (SCIMED LIFE SYSTEMS, INC.)

3


Of Counsel:

George E. Badenoch
Charles R. Brainard
Walter E. Hanley, Jr.
Mark A. Chapman
Huiya Wu
KENYON & KENYON
One Broadway
New York, New York 10004
(212) 425-7200

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on April 14, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick Esquire
>Ashby & Geddes
>222 Delaware Avenue
>P.O. Box 1150
>Wilmington, DE 19899

>Karen Jacobs Louden Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>PO Box 1347
>Wilmington, DE 19899-1347

I further certify that on April 14, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

>Michael J. Timmons, Esquire
>Patterson, Belknap, Webb & Tyler, LLP
>1133 Avenue of the Americas
>20th Floor
>New York, NY 10036

Raphael V. Lupo, Esquire
D. Michael Underhill, Esquire
McDermott, Will & Emery
600 13th Street, N.W.
Washington, DC 20005-3096

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

Attorneys for Boston Scientific Corporation
and Scimed Life Systems, Inc.