IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDIS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 97-550-SLR |
| | ) | (consolidated) |
| BOSTON SCIENTIFIC CORPORATION, | ) | |
| BOSTON SCIENTIFIC SCIMED, INC., | ) | |
| and MEDTRONIC AVE, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| MEDTRONIC AVE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 97-700-SLR |
| | ) | |
| CORDIS CORPORATION, JOHNSON & | ) | |
| JOHNSON and EXPANDABLE GRAFTS | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BOSTON SCIENTIFIC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 98-19-SLR |
| | ) | |
| CORDIS CORPORATION, ETHICON, INC. | ) | |
| and JOHNSON & JOHNSON | ) | |
| INTERVENTIONAL SYSTEMS CO., | ) | |
| | ) | |
| Defendants. | ) | |

Steven J. Balick, Esquire and Steven T. Margolin, Esquire of Ashby & Geddes, Wilmington, Delaware.  Counsel for Cordis Corporation, Johnson & Johnson, Johnson & Johnson Interventional Systems Co., Ethicon, Inc. and Expandable Grafts Partnership.  Of Counsel:  Gregory L. Diskant, Esquire and William F. Cavanaugh, Jr., Esquire of Patterson, Belknap, Webb & Tyler, LLP, New York,

New York. Theodore B. Van Italie, Jr., Esquire and Eric I. Harris, Esquire of Johnson & Johnson, New Brunswick, New Jersey.

Patricia Smink Rogowski, Esquire and Francis DiGiovanni, Esquire of Connolly Bove Lodge & Hutz LLP, Wilmington, Delaware. Counsel for Medtronic AVE, Inc. Of Counsel: William E. Wallace, III, Esquire and D. Michael Underhill, Esquire of Morgan, Lewis & Bockius LLP, Washington, D.C. Raphael V. Lupo, Esquire and Donna M. Tanguay, Esquire of McDermott, Will & Emery, Washington, D.C.

Josy W. Ingersoll, Esquire and Christian Douglas Wright, Esquire of Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware. Counsel for Boston Scientific Corporation and Boston Scientific Scimed, Inc. Of Counsel: George E. Badenoch, Esquire and Charles R. Brainard, Esquire of Kenyon & Kenyon, New York, New York.

---

**MEMORANDUM OPINION**

Dated: March 27, 2006
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

Plaintiffs Expandable Grafts Partnership and Cordis Corporation ("Cordis") originally filed this patent infringement action on October 3, 1997 against defendants Medtronic AVE, Inc., Boston Scientific Corporation and Scimed Life Systems, Inc.[1] Cordis alleges that Medtronic infringes certain claims of United States Patent Nos. 4,739,762 (the "'762 patent") and 5,195,984 (the "'984 patent"). Cordis accuses BSC of infringing certain claims of the '762 patent and United States Patent Nos. 5,902,332 (the "'332 patent"), 5,643,312 (the "'312 patent"), and 5,879,370 (the "'370 patent"). In the fall of 2000, a jury trial was held to decide issues of infringement and damages. The jury found that the accused stents of Medtronic infringed, under the doctrine of equivalents, the asserted claims of the '762 patent. The district court granted JMOL of noninfringement, finding that Cordis was estopped from asserting infringement under the doctrine of equivalents. Cordis appealed the JMOL decisions to the Federal Circuit. The Federal Circuit reversed this court's original claim construction and remanded the case for further proceedings. Cordis Corp. v. Medtronic AVE, Inc., 339 F.3d 1352 (Fed. Cir. 2003). On March 14, 2005, after a retrial of the

---

[1]Defendant Medtronic AVE, Inc. will be referred to as "Medtronic." Defendants Boston Scientific Corporation and Scimed Life Systems, Inc. will be referred to collectively as "BSC."

case, the jury found the asserted claims of the '762 and '984 patents infringed and nonobvious. (D.I. 1358)[2] Following that verdict, the court entered judgment in favor of Cordis and against Medtronic on March 31, 2005. (D.I. 1374) On March 24, 2005, the jury found that BSC's NIR stent infringed claim 23 of the '762 patent, which the jury concluded was nonobvious. (D.I. 1366) Pursuant to this verdict, the court entered judgment in favor of Cordis and against BSC on March 31, 2005. (D.I. 1375)

Before the court is Cordis' motion to reinstate and update the damage verdicts against Medtronic and BSC which were calculated in December 2000. (D.I. 1393)[3] For the reasons stated, Cordis' motion is denied.

## II. BACKGROUND

In December 2000, the jury verdict calculated the following damages for Cordis and against Medtronic: lost profits of $192,800,460; reasonable royalty of 25% and reasonable royalty damages in the amount of $77,274,625 for US sales; the reasonable royalty rate for foreign sales is 0% and the reasonable royalty damages for foreign sales is $1,000,000. (D.I. 1013)

---

[2]Unless otherwise noted, the docket item ("D.I.") numbers cited in this memorandum opinion refer to Civ. No. 97-550-SLR.

[3]The motion discussed by the court in this memorandum opinion - Civ. No. 97-550-SLR, D.I. 1393 - is identical to the motions filed in the related cases: Civ. No. 97-700-SLR, D.I. 308 and Civ. No. 98-19-SLR, D.I. 193. Thus, all discussion of D.I. 1393 also applies to these other two motions.

The jury also calculated the following damages in its verdict for Cordis and against BSC: lost profits in the amount of $253,595,750; a reasonable royalty rate of 20%; the amount of damages Cordis is entitled to as a reasonable royalty for sales otherwise made is $70,807,500. (Civ. No. 98-197-SLR, D.I. 189)

### III. STANDARD OF REVIEW

Cordis has moved to reinstate or update the damage verdicts reached by the jury in these actions in December 2000. In essence, this motion by Cordis is a request for the court to enter judgment based on those verdicts. Therefore, the motion will be treated as a motion to alter or amend the judgment. The purpose of such a motion is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion to alter or amend the judgment must rely on one of three major grounds. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when summary judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. See Max's Seafood, 176 F.3d at 677.

### IV. DISCUSSION

In its motion, Cordis urges the court to act in three areas: (1) reinstate the damages verdicts from the December 2000 trial in these actions; (2) award prejudgment interest at the prime rate compounded monthly; and (3) direct BSC and Cordis to try to reach an agreement concerning damages for post-verdict sales of the NIR stent. (D.I. 1393)

### A.   Reinstatement of Damages Verdict

Pursuant to the court's decision at the September 22, 2004 teleconference with the parties, the damages issues in this case, having been bifurcated from the liability issues, shall be deferred until all validity and infringement issues are decided finally through appeal. (D.I. 1253 at 27:8-9, resolving that "[d]amages will be bifurcated until we have addressed as a final matter validity and infringement.") At a point more than seven years into the litigation of this case, it is prudent to address the damages issues only after the liability issues have been finally resolved through appeal, so as to prevent any further delay in the ultimate resolution of this litigation.

As BSC properly noted in its answering brief to Cordis' motion, the court may exercise discretion to defer damages issues in this fashion pursuant to 28 U.S.C. § 1292(c)(2), which grants exclusive jurisdiction to the Federal Circuit over a judgment of patent infringement which is "final except for an accounting" of damages. See, e.g., In re Calmar, Inc., 854 F.2d 461, 463-65

4

(Fed. Cir. 1988) (noting that "the policy underlying § 1292(c)(2) was to allow a district court to stay a damages trial pending appeal").

Cordis argues that deferring damages "would not serve the interests of judicial economy" because "[d]amages already have been tried", "the damage issues are straightforward" and "can be resolved on the papers without additional expense." (D.I. 1412 at 3) However, the status of several issues in this case suggest that a "reinstatement"[4] of the damages verdict from the 2000 trial would be inappropriate and that a deferral of the damages issues would best serve the pursuit of a resolution to this case. First, if BSC were found liable for infringement after appeal, it appears that a new damages trial would be necessary in light of the revised claim construction of the "substantially uniform thickness" term. The jury at the previous trial was not instructed as to the new construction, and whether or not the ACS stents infringe the '762 patent under the new construction is an issue which is relevant to the presence of available noninfringing alternatives. Thus, this issue would need to be tried and decided in order to properly evaluate the damages to be

---

[4]As Medtronic correctly points out in its answering brief (D.I. 1411 at 1), the damages verdict from the 2000 trial was never entered by the court, so it cannot be "reinstated"; however, subject to its validity, the verdict may still be entered as a judgment by the court.

paid by BSC and Medtronic. The court acknowledged this difficulty when it granted BSC a new damages trial after the 2000 trial when it concluded that the Medtronic stents did not infringe. See Cordis Corp. v. Medtronic AVE, Inc., 194 F. Supp. 2d 323, 356 (D. Del. 2002) (ruling that "BSC's motion for a new damages trial is granted so that the AVE stents may be considered as non-infringing alternatives to the NIR stent"), rev'd on other grounds, 339 F.3d 1352 (Fed. Cir. 2003). Furthermore, additional issues may also need to be tried if the Federal Circuit reverses any other of the court's rulings.

### B. Prejudgment Interest and Post-Verdict Damages

Recognizing that a new damages trial may be necessary, as discussed above, the court will defer consideration of prejudgment interest and post-verdict damages until the damages issues have been finally resolved. At that time, the relevant liability and damages issues will have been sufficiently resolved to allow the court to address at one time all matters with respect to the calculation of damages.

### V. CONCLUSION

For the reasons stated, Cordis' motion to reinstate and update the damage verdicts against Medtronic and BSC is denied. An order consistent with this memorandum opinion shall issue.