## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDIS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC VASCULAR, INC.<br>BOSTON SCIENTIFIC CORPORATION,<br>and SCIMED LIFE SYSTEMS, INC.,<br><br>Defendants. | Case No. 97-550-SLR<br>(Consolidated) |
| BOSTON SCIENTIFIC CORPORATION,<br>and SCIMED LIFE SYSTEMS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>ETHICON, INC.,<br>CORDIS CORPORATION, and<br>JOHNSON & JOHNSON<br>INTERVENTIONAL SYSTEMS CO.<br><br>Defendants. | Case No. 98-19-SLR |

### BOSTON SCIENTIFIC'S EMERGENCY MOTION FOR
### (I) THE APPROVAL OF ITS FIVE SUPERSEDEAS BONDS OR
### (II) IN THE ALTERNATIVE, AN EXTENSION OF THE AUTOMATIC STAY OF
### EXECUTION UNTIL THE APPROVAL OF ITS SUPERSEDEAS BONDS

Defendants Boston Scientific Corporation and Boston Scientific Scimed, Inc. (formerly Scimed Life Systems, Inc.) (collectively "BSC") have procured five supersedeas bonds, in the aggregate amount of $716,516,685.15, as security for a stay of execution of the judgment of $702,811,854, entered on September 30, 2008 (D.I. 1486), pending BSC's appeal to the Federal Circuit (D.I. 1488), pursuant to Federal Rule of

Civil Procedure 62(d). *See* Exhibits A, B, C, D, and E to the proposed form of order attached hereto.

BSC has conferred with Cordis about the form and sufficiency of the bonds. BSC and Cordis were able to reach agreement except for one issue—the amount of post-judgment interest that should be included in the bonds as security pending appeal. BSC's five supersedeas bonds include post-judgment interest, at the statutory rate of 1.95 percent per annum, in the amount of $37,547.48 per day until paid, or in the total amount of $13,704,831.15 for the one year period until September 30, 2009. Cordis requested that BSC include two years of post-judgment interest as security instead of one year of interest. Due to this disagreement, the parties were unable to agree upon a stipulated order for the Court's approval of the five supersedeas bonds. Apart from the amount of post-judgment interest to be included, Cordis has indicated that it has no objection to the proposed bonds.[1]

The automatic ten-day stay of execution provided for by Federal Rule of Civil Procedure 62(a) expires tomorrow, October 15, 2008. BSC wants to ensure that the stay of execution continues until the Court approves the security posted by BSC, at which

---

[1] Cordis also offered to agree to stipulate to the approval of the bonds with security for one year of post-judgment interest in exchange for BSC agreeing not to seek any extensions of time during the appeal. BSC did not accept this offer because it is unwilling to agree to seek no extensions of time given that brief extensions of time may become necessary. For example, BSC's opening appeal brief likely will be due during the holiday season at the end of December 2008. Moreover, BSC's outside and inside counsel have other professional commitments in the winter of 2008 and spring of 2009. In short, circumstances may arise that will warrant brief extensions of time during the appeal. To preserve flexibility in this regard, BSC offered to limit its requests for extensions to a total of 60 days or less (and then offered to limit extensions to a total of some other time period less than 60 days), but Cordis was unwilling to agree to anything short of an agreement by BSC not to seek any extensions whatsoever.

time the automatic stay pending appeal will be triggered under Rule 62(d). Since the parties were unable to agree upon a stipulated order, BSC now moves for the following relief:

(1) BSC respectfully requests that, by the close of business tomorrow, October 15, 2008, the Court should approve the five supersedeas bonds and stay the execution of the judgment pending BSC's appeal pursuant to Federal Rule of Civil Procedure 62(d). BSC respectfully submits that one year of post-judgment interest is sufficient security pending appeal and is consistent with previous bonds approved by this Court. A proposed form of order approving the five bonds as submitted is attached hereto.

(2) Alternatively, if for any reason the Court does not approve the five bonds as submitted by BSC by the close of business tomorrow, October 15, 2008, and does not stay the execution of the judgment pending appeal under Rule 62(d), BSC respectfully requests that, by the close of business tomorrow, October 15, 2008, the Court should extend the stay of execution provided for by Rule 62(a) until such time as the Court does approve the bonds either: (A) in the form in which the bonds have been submitted by BSC today; or (B) if the Court has any concerns about the bonds as submitted, in the form in which BSC will submit the bonds at a later date after the Court provides BSC with a reasonable opportunity to address these concerns. A proposed alternative form of order to extend the stay of execution in this manner is also attached hereto.

Cordis does not oppose the entry of the proposed alternative form of order attached hereto (extending the stay of execution provided for by Rule 62(a), pending the Court's consideration of the parties' positions on the form and sufficiency of the bonds). As explained above, Cordis does challenge the sufficiency of the bonds on the basis that

they should provide for two years of post-judgment interest as security instead of one year of interest.

October 14, 2008

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*
_____
Josy W. Ingersoll (#1088)
Karen L. Pascale (#2903) [kpascale@ycst.com]
Karen E. Keller (#4489)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600

*Attorneys for Defendants Boston Scientific Corporation and Boston Scientific Scimed, Inc. (formerly Scimed Life Systems, Inc.)*

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on October 14, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
>John G. Day, Esquire [jday@ashby-geddes.com]
>Tiffany Geyer Lydon, Esquire [tlydon@ashby-geddes.com]
>ASHBY & GEDDES
>500 Delaware Avenue, 8th Floor
>Wilmington, DE 19801
>
>Karen Jacobs Louden, Esquire [klouden@mnat.com]
>MORRIS NICHOLS ARSHT & TUNNELL LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347

I further certify that on October 14, 2008, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel and on the following non-registered participants in the manner indicated:

>***By E-Mail***
>
>Gregory L. Diskant, Esquire [gldiskant@pbwt.com]
>Eugene M. Gelernter, Esquire [emgelernter@pbwt.com]
>Michael J. Timmons, Esquire [mjtimmons@pbwt.com]
>Scott B. Howard, Esquire [sbhoward@pbwt.com]
>PATTERSON, BELKNAP, WEBB & TYLER, LLP
>1133 Avenue of the Americas, 20th Floor
>New York, NY 10036
>
>George M. Sirilla, Esquire [george.sirilla@pillsburylaw.com]
>William P. Atkins, Esquire [william.atkins@pillsburylaw.com]
>PILLSBURY WINTHROP SHAW PITTMAN LLP
>1650 Tysons Boulevard (East Tower)
>McLean, VA 22102

D. Michael Underhill, Esquire [munderhill@bsfllp.com]
Eric J. Maurer, Esquire [emaurer@bsfllp.com]
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (#1088)
Karen L. Pascale (#2903)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
Email: kpascale@ycst.com

*Attorneys for Defendants,*
*Boston Scientific Corporation and*
*Boston Scientific Scimed, Inc.*
*(formerly Scimed Life Systems, Inc.)*